CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
DEC 0 5 2007
JOHN F. CORCORAN, CLERK
BY: J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARY J. KEMPFER, ) | |
| ) | Civil Action No. 5:07CV00038 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By:  Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Mary J. Kempfer, was born on August 25, 1959, and eventually completed her high school education. Mrs. Kempfer also attended college for two years, and was awarded an associate's degree in veterinarian technology. She has worked as a cook, large equipment driver, landscaper, school bus driver, turkey grower, and veterinarian's assistant. She last worked on a regular and sustained basis in 2000. On April 26, 2004, Mrs. Kempfer filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on September 30, 2000, due to depression, anxiety, back injury, residuals of right knee replacement, arthritis of the left knee, TMJ, fibromyalgia, allergies,

and a learning disability. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Kempfer met the insured status requirements of the Act through the third quarter of 2000, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before September 30, 2000. See, gen., 42 U.S.C. § 423.

Mrs. Kempfer's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 9, 2006, the Law Judge also determined that Mrs. Kempfer is not disabled. The Law Judge found that plaintiff suffers from a depressive disorder, knee impairment, and back impairment. Because of these problems, the Law Judge ruled that Mrs. Kempfer is disabled for all of her past relevant work roles. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to lift and carry 5 pounds frequently and 10 pounds occasionally, she can stand and/or walk about 2 hours in an 8 hour day, she can sit about 6 hours in an 8 hour day, she reads at the fifth grade level and can perform math at no more than the 4th grade level, and she has mental limitations of function. She has poor abilities to (1) relate to co-workers, (2) deal with the public, (3) carry out complex job instructions, and (4) carry out detailed (but not complex) job instructions. She has poor to fair abilities to relate predictably in social situations. She has fair abilities to (1) follow work rules, (2) use judgment, (3) interact with supervisors, (4) deal with work stresses, (5) function independently, (6) maintain attention and concentration, (7) carry out simple job instructions, (8) maintain personal appearance, (9) behave in an emotionally stable manner, and (10) demonstrate reliability.

(TR 19). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that

2

Mrs. Kempfer retained the physical and emotional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). Mrs. Kempfer then sought review of the Law Judge's decision by the Social Security Administration's Appeals Council. In connection with her request for review, plaintiff relied on new medical evidence. However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commisisoner. Having exhausted all available administrative remedies, Mrs. Kempfer has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court must conclude that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). Stated succinctly, the court believes that the Administrative Law Judge properly determined that Mrs. Kempfer retains sufficient physical capacity to engage in a limited range of sedentary exertion, in which she is not required to lift more than about 10 pounds and in

3

which she is permitted to sit or stand at will. The conflict in this case concerns the severity and vocational impact of plaintiff's depression and anxiety. Her treating psychiatrist, Dr. John Eagle, has produced reports which indicate that plaintiff's depression is totally disabling in overall impact. However, the Administrative Law Judge found that the manifestations of plaintiff's depression are not so severe as to prevent performance of all the sedentary work roles for which she is otherwise physically capable. In reaching this determination, the Administrative Law Judge relied on the testimony of a medical expert, Dr. Robert Muller, a clinical psychologist, who in turn cited treatment notes from plaintiff's licensed clinical social worker. Dr. Muller commented that it would have been helpful to have had the clinical notes from Dr. Eagle, but that such notes were not available. (TR 58).

As previously noted, following the Law Judge's decision, Mrs. Kempfer submitted new medical evidence to the Social Security Administration's Appeals Council for consideration in connection with the request for review. The new evidence consists of a letter from plaintiff's licensed clinical social worker, a new report from Dr. Eagle, and Dr. Eagle's clinical treatment notes from the critical period immediately prior to the termination of plaintiff's insured status. Stated briefly, the social worker indicated that she referred Mrs. Kempfer to Dr. Eagle because she believed that plaintiff required psychiatric treatment. In his report, Dr. Eagle again concluded that plaintiff has been disabled due to depression since September 30, 2000.

After receiving the new evidence, the Appeals Council offered the following statement in its letter adopting the Law Judge's opinion as the final decision of the Commissioner:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

4

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> The "F" section of the claims file contains medical records from Dr. John Eagle dated May 24, 1999 - October 27, 2000 which were not admitted into the record or otherwise identified as an exhibit. The Appeals Council is entering this evidence into the record as Exhibit AC-4 on the enclosed Order of Appeals Council. The Council has considered this evidence, but concluded this evidence does not affect the Administrative Law Judge's decision.

(TR 6-7).

This court has consistently held that if the Appeals Council ostensibly considers the new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See Alexander v. Apfel, 14 F.Supp. 2d 839, 843 (W.D. Va. 1998). In Stawls v. Califano, 596 F.2d 1209 (4th Cir. 1979), a case with a slightly different procedural background than the instant case,[1] the United States Court of Appeals for the Fourth Circuit ruled as follows:

> The Secretary stated that he considered all of the evidence in the record, including the post-June 30, 1962 evidence. Even assuming that schizophrenia is progressive in nature, proof that appellant was disabled due to schizophrenia after June 30, 1962 is probative of the fact that she may have been disabled due to schizophrenia before June 30, 1962, although it is not conclusive. But neither the opinion of the administrative law judge nor that of the Appeals Council indicates the weight afforded the post-June 30, 1962 evidence. As we have stated on more than one occasion, <u>the Secretary must indicate explicitly that all relevant evidence has been weighed and its weight</u>. (Emphasis added). (Citations omitted).

---

[1] In Stawls, the claimant tendered to the Appeals Council letters from several psychiatrists who had previously submitted reports in the case. The letters dealt with the onset of plaintiff's psychiatric disability. Unlike the present case, the Appeals Council in Stawls granted the request for review. The Appeals Council stated "after considering this additional evidence, the Council is of the opinion that it does not show that you were under a 'disability' which began on or before the date you were last insured and which existed continuously to a time within the effective life of your application." 596 F.2d at 1212.

596 F.2d at 1213. As noted by the Fourth Circuit in DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983), "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."

The court notes that the Commissioner often cites Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991) in support of the proposition that the Appeals Council is not required to give reasons for denying a claimant's request for review. The court does not believe that the decision in Wilkins supports the Commissioner's position. In Wilkins, the Fourth Circuit held that the Commissioner must consider "interim" evidence presented to the Appeals Council, if that evidence relates to the issue of disability during the period of time adjudicated by the Law Judge. In Wilkins, the Appeals Council had considered the "interim" evidence, but denied further review without setting forth specific findings as to the weight accorded the new evidence. Upon its own consideration of the "interim" evidence, the Fourth Circuit found that the record clearly supported Wilkins' application for benefits. Accordingly, the Fourth Circuit reversed the Commissioner without requiring additional administrative proceedings.[2] The court does not believe that the decision in Wilkins speaks to the situation in which the "interim" evidence merely serves to create a conflict with other evidence already of record. In that circumstance, the court believes that it is still necessary for the Commissioner to indicate his reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review.[3]

---

[2] This court has adopted the same approach in numerous social security appeals when it is clear upon review of "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. However, the court is of the opinion that this sort of analysis is not appropriate when the "interim" evidence is not conclusive and merely serves to create further conflict in the administrative record.

[3] The practical effect of the Wilkins decision is that "interim" evidence is to be considered as part of the record for review and not as extraneous, "new" evidence.

6

In the instant case, both the Law Judge and the medical expert who testified at the administrative hearing recognized that it would have been helpful to have had Dr. Eagle's office notes to review in assessing the severity of plaintiff's depressive symptomatology. Indeed, the Administrative Law Judge commented in his opinion as follows:

> Dr. Eagle is a treating specialist, whose opinions are generally entitled to great weight unless those opinions lack support in the record. The undersigned finds that this is the case, Dr. Eagle's notes of record, and more importantly the more contemporaneous notes and reports by the licensed clinical social worker (who, it is recognized, is not an acceptable medical source), do not portray an individual so limited as Dr. Eagle opines that the claimant was and is. Dr. Eagle's own contemporaneous notes are not found in the record. Dr. Eagle's opinions are inconsistent with the notes that are of record (those of the licensed clinical social worker) and thus his opinions are inconsistent with the record as a whole in regard to the claimant's functioning during the critical time period. Although Dr. Muller testified that it might be interesting to have Dr. Eagle's contemporaneous notes, he commented that the notes of the licensed clinical social worker show a person with only dysthymia, a mild to moderate depression of long standing. That is a limiting, but not a debilitating, impairment. Dr. Muller indicated generally by his testimony, without stating explicitly, that the social worker's notes are consistent with her diagnosis. The undersigned finds this to be true.

(TR 25). In Dr. Eagle's new report, which was submitted to the Appeals Council, Dr. Eagle relates that he submitted the treatment notes to the Administrative Law Judge. (TR 529). Indeed, at oral argument in this case, plaintiff's attorney indicated that, following the administrative hearing, the Administrative Law Judge specifically requested that the treatment notes from Dr. Eagle be submitted. For whatever reason, the receipt of these medical records was first noted by the Appeals Council. In any event, it is clear that the Administrative Law Judge and the medical expert both believed that review of the clinical treatment notes would have been crucial to a fair resolution of plaintiff's claim for benefits.

Given these circumstances, it appears to the court that the treatment notes, Dr. Eagle's new report, and the letter from the social worker merited a more thorough response than that offered by the Appeals Council. Stated differently, the new submission remedied a deficiency which was recognized both by the testifying medical expert and the Administrative Law Judge. In light of the significance of the newly submitted evidence, the court believes that the Appeals Council should have offered some reason for adopting the Law Judge's opinion, despite the submission of the clinical notes which purportedly document Dr. Eagle's finding of total disability.

On the other hand, the court recognizes that the Appeals Council might have reasonably weighed the new evidence in such a way as to have justified the ultimate adoption of the Law Judge's decision. Even as it was, the Administrative Law Judge included significant nonexertional restrictions in the hypothetical question posed to the vocational expert. However, it must be noted that in formulating this hypothetical question, the Law Judge relied heavily on input from Dr. Muller. Dr. Muller specifically testified that he assigned greater weight to the observations of the social worker, because Dr. Eagle's clinical notes were not available for review. (TR 58). Thus, there is a substantial gap in the Commissioner's reasoning in denying plaintiff's application for benefits. As it now stands, the final decision of the Commissioner simply does not address these critical questions. Without some understanding as to the reasons for the administrative decision, the court finds itself unable to undertake a meaningful substantial evidence review. In light of the particular features in Mrs. Kempfer's case, it does not seem unreasonable to expect the Appeals Council to have shared its reasons for its treatment of the new evidence, and for its ruling that Dr. Eagle's clinical notes do not necessitate any change in the Law Judge's opinion. The court finds "good cause" for remand of this case for such a purpose.

8

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of her case to the Commissioner for further development and consideration. An appropriate order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 5th day of December, 2007.

*/s/ Glen E. Conrad*
United States District Judge